## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**Mark Moyo**
**204 Middleway Road**
**Baltimore, MD 21220**

**Tacheria Johnson**
**204 Middleway Road**
**Baltimore, MD 21220**

*Plaintiffs,*

**v.**

**Elizabeth Grant, District Director**
**Baltimore Field Office**
**3701 Koppers Street,**
**Halethorpe, MD 21227,**

**Kika Scott, Acting Director**
**U.S. Citizenship and Immigration Services**
**20 Massachusetts Avenue NW**
**Washington D.C. 20529,**

**Kristi Noem, Secretary**
**U.S. Department of Homeland Security**
**2707 Martin Luther King Jr., Ave., SE**
**Washington, DC 20528-0485,**

*Defendants.*

**NO:** 1:25-cv-1266

## COMPLAINT AND PETITION FOR HEARING ON I-485, APPLICATION FOR ADJUSTMENT OF STATUS AND I-130, PETITION FOR ALIEN RELATIVE

The Plaintiffs, Mark Moyo (hereinafter "Plaintiff A"), and Tacheria Johnson (hereinafter "Plaintiff B") through undersigned counsel, file the instant action pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1361, and alleges:

## I.  INTRODUCTION

1. This is an action seeking a hearing in this Court on Plaintiffs' Application to Adjust Status to Lawful Permanent Resident (Form I-485) and Petition for Alien Relative (Form I-130) without further delay.

2. Plaintiff B properly filed Form I-130, Petition for Alien Relative, on February 26, 2024. Concurrently, Plaintiff A filed his Form I-485, Application for Adjustment of Status, with Defendant, U.S. Citizenship and Immigration Services ("USCIS"). The Plaintiffs' Form I-485 and underlying I-130 Petition remain within the jurisdiction of the Defendants, who have improperly withheld adjudication on the applications for an unreasonable period of time, to the detriment of the Plaintiff.

## II.  JURISDICTION AND VENUE

3. This action arises under 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1361 (mandamus action to compel an officer of the United States to perform his duty).

4. Under 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) of the Administrative Procedures Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable amount of time. 5 U.S.C. § 555(b) provides that "with due regard for the

convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." *Id.*

6. If the agency fails to render a decision within a reasonable time, the Court has the power to compel the agency to do so. 5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform actions "unlawfully withheld or unreasonably delayed").

7. Venue is conferred pursuant to 28 U.S.C. § 1391(e)(1), which states, "a civil action in which a defendant is an officer or employee of the United States or an agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." *See* 28 U.S.C. § 1391(e)(1).

8. Here, venue is proper in the District Court for the District of Maryland pursuant to 28 U.S.C. § 1391(e)(1)(c), because this is an action against officers and agencies of the United States in their official capacities, brought in the district court where Plaintiffs reside, and no real property is involved. Plaintiffs reside at 204 Middleway Road, Baltimore, Maryland, and therefore resides in this court's jurisdiction.

### III. PARTIES

9. Plaintiff A, Mark Moyo, is a resident of Maryland. His address is 204 Middleway Road, Baltimore, Maryland. Plaintiff is eligible for adjustment of status due to his lawful entry into the United States, and marriage to a U.S. Citizen. Plaintiff applied for adjustment of

status on February 26, 2024, and has been waiting for a decision on the application since that date.

10. Plaintiff B, Tacheria Johnson, is a resident of Maryland. Her address is 204 Middleway Road, Baltimore, Maryland. Plaintiff B filed Form I-130, Petition for Alien Relative, on behalf of her husband on February 26, 2024, and has been waiting for a decision on the application since that date.

11. Defendant, Elizabeth Grant, is sued in her official capacity as the Baltimore District Director of U.S. Citizenship and Immigration Services. As District Director, she is designated by the Secretary of Homeland Security to administer and enforce the immigration laws within Maryland. One of the duties of USCIS is to determine eligibility for adjustment of status to lawful permanent resident. She maintains his office at 3701 Koppers Street, Baltimore, Maryland 21227.

12. Defendant, Kika Scott, is sued in her official capacity as the Acting Director of U.S. Citizenship and Immigration Services, a component agency within the U.S. Department of Homeland Security. USCIS is the agency responsible for the adjudication of adjustment of status applications. Her address is 20 Massachusetts Avenue NW, Washington, DC 20529.

13. Defendant, Kristi Noem, is sued in her official capacity as the Secretary of the Department of Homeland Security ("DHS"). In this capacity, she is responsible for the administration and enforcement of the immigration and naturalization laws. 8 U.S.C. § 1103(a). Her address is U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave, SE Washington, DC 20528.

## IV. LEGAL BACKGROUND

14. The Immigration and Nationality Act ("INA") provides, in general, for the admission, expulsion, regulation, and naturalization of noncitizens. 8 U.S.C. § 1101 et seq.

15. Title VIII, § 205.1 allows for immediate relatives to file for their alien family members. Specifically:

> A citizen or lawful permanent resident of the United States petitioning under section 204(a)(1)(A)(i) or 204(a)(1)(B)(i) of the Act for a qualifying relative's classification as an immediate relative under section 201(b) or the Act or as a preference immigrant under section 203(a) of the Act must file a Form I-130, Petition for Alien Relative.

16. Title VIII, Chapter 12, of the INA provides for Adjustment of Status. Pursuant to 8 U.S.C. § 1255(a):

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

17. If USCIS fails to make a determination within a reasonable amount of time after the application was filed, the applicant is entitled to action on his long-pending adjustment of status application and the Court has power under 5 U.S.C. § 706(1) to compel USCIS to take action. 5 U.S.C. § 706(1) (conferring power to the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed).

## V. FACTS

5

18. Plaintiff A is a native and citizen of Zambia, born on April 12, 1994.

19. Plaintiff A was admitted to the United States in 2017 on a F1 nonimmigrant visa.

20. Plaintiff A has not left the United States since that time.

21. On October 18, 2021, Plaintiff married his U.S. Citizen wife (Plaintiff B), Tacheria Johnson.

22. On February 26, 2024, Plaintiff B filed Petition for Alien Relative, Form I-130, for Plaintiff A. Receipt Number: IOE0924521183. This petition remains pending with Defendants.

23. Concurrently with the Form I-130, Plaintiff A filed Application for Permanent Residence, Form I-485, with the required documentation, to USCIS. Receipt Number: IOE0924521182. This application remains pending with Defendants.

24. On November 18, 2024, Plaintiffs attended an interview with Defendants regarding the applications that were filed. At the interview, they were asked for specific evidence, which they provided shortly after the interview, on December 2, 2024, via their online portal.

25. On January 23, 2025, Plaintiffs called Defendants to follow up on post-interview processing. They were told to wait until March 24, 2025. That date has passed.

26. USCIS's Historical National Median Processing Time for All USCIS Offices for Select Forms by Fiscal Year indicates that family-based adjustment of status applications were processed in 10.6 months for fiscal year 2022 and 12.5 years for fiscal year 2023.[1]

27. It has been over one year since Plaintiffs filed their applications. They have yet to receive a final adjudication of their applications.

---

[1] *See* U.S. Citizenship and Immigration Services, *Historical National Median Processing Time (in Months) for All USCIS Offices for Select Forms by Fiscal Year* (last accessed April 18, 2025).

28. Defendants have unreasonably delayed and refused to adjudicate Plaintiffs' applications for over one year, thereby depriving Plaintiffs of their right to a decision on Plaintiff A's immigration status to which they are entitled under INA § 209, 8 U.S.C. § 1159.

29. The Defendants owe Plaintiffs a duty to adjudicate their applications and have unreasonably failed to perform that duty. Plaintiffs have no alternative means to obtain adjudication of their applications and their right to issuance of the writ of mandamus is clear and indisputable.

30. Plaintiffs have already waited more than one year for a decision on their pending applications, well beyond the agency's own published historical median processing timeframe for such applications. This is an unacceptable and unreasonable delay.

31. The Defendants have unreasonably failed to carry out the adjudicative and administrative functions delegated to them by law, causing ongoing harm and prejudice to Plaintiffs.

32. More than one year has elapsed since Plaintiffs filed their applications.

## VI. CLAIMS

33. The allegations contained in paragraphs 1 through 13, and 18 through 32 above are repeated and realleged as though fully set forth herein.

34. The District Director's failure to make a decision on Plaintiffs' applications after more than one year is a violation of her statutory duty under 5 U.S.C. §§ 555(b), which requires her to make a final decision within a reasonable time after the application is filed.

35. The Plaintiffs are entitled to action on their long-pending applications, because an unreasonable amount of time has passed since their applications were filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiffs.

## VII.    DAMAGES

36. Plaintiff A has been damaged by Defendant's unreasonable delay as he is experiencing emotional distress because of the lack of certainty about his future. He is not protected from being placed in removal proceedings with a pending I-485 Application for Permanent Residence. This fear affects his daily life and his future with his wife as it prevents them from planning and making financial and family plans for their future. Finality in the application would allow Plaintiff and his wife plan for their future.

37. Plaintiff A cannot travel abroad to visit his family or for pleasure unless specifically approved by Defendants, otherwise he will be deemed to have abandoned his application. This causes hardship as he has family in his home country who he has not seen since he entered the United States in 2017.

38. Plaintiff has to renew his work permit until his application is adjudicated, which causes Plaintiff financial harm and also financial insecurity, as it is unclear if his work authorization would lapse.

39. Further, Plaintiff cannot sponsor other family members until his I-485 Application for Permanent Residence is approved.

40. Any delay in Plaintiff's Permanent Residence is also a delay in his potential Naturalization, which he would be eligible for three years after his Permanent Residence is approved as he is married to a U.S. Citizen. This impedes Plaintiff's right to vote, to travel outside of the U.S. for more than six months at a time, and petition for his parents.

41. Plaintiff B is also harmed by Plaintiff A's delay in the application. She experiences emotional distress at the thought her husband is at risk of being placed in removal proceedings, is unable to travel outside the United States without prior authorization from

Defendants, and his work authorization is subject to consistent renewal until the Adjustment of Status application is decided.

## VIII.   **PRAYER**

**WHEREFORE**, Plaintiff prays that this Court:

1) Compel the Defendants to take all appropriate action to adjudicate Plaintiff's I-485 Application to Adjust Status without further delay; and

2) Grant such other and further relief as this Court deems proper.

Dated:

Respectfully Submitted,

Raymond Griffith, Esq.
Law Office of Raymond Griffith
300 E. Lombard St., Ste. 1030
Baltimore, MD 21201
Tel.: (410) 244-5005
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Raymond O. Griffith, hereby certify that on this ___19th___ day of ___April___ 2025, I electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys on record registered with the CM/ECF system. All other parties shall be served in accordance with the Federal Rules of Civil Procedure.

Kelly O. Hayes c/o:
U.S. Attorney's Office District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201

Pamela Bondi c/o:
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Kristi Noem c/o:
Office of General Counsel
2707 Martin Luther King Jr., Ave., SE
Washington, DC 20528-0485

Kika Scott, Elizabeth Grant c/o:
Office of Chief Counsel
5900 Capital Gateway Drive, MS 2120
Camp Springs, MD 20588-0009


_____                    4/19/2025
Raymond O. Griffith, Esq.                           Date

10